UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WSP USA BUILDINGS INC.,

Plaintiff,

-v- 1:24-CV-076

STEPHEN COON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES: OF COUNSEL:

Holland & Knight LLP
Attorneys for Plaintiff
31 West 52 Street
New York, NY 10019

SEAN C. SHEELY, ESQ.

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

On January 17, 2024, plaintiff WSP USA Buildings Inc. ("WSP" or "plaintiff"), a national engineering firm, filed this action against one of its former employees, defendant Stephen Coon ("Mr. Coon" or "defendant"). That same day, plaintiff filed an emergency motion seeking a temporary restraining order ("TRO") and preliminary injunction that would prevent

defendant from allegedly violating certain restrictive covenants contained in his employment agreement ("the Agreement").[1]

Mr. Coon worked as a professional electrical engineer and managing principal of kW Mission Critical Engineering's ("KW") Phoenix, Arizona office for eight years prior to WSP's acquisition of KW in 2020. Dkt. No. 1. When KW was acquired by plaintiff, defendant and other senior leadership signed the Agreement as part of plaintiff's acquisition of KW and its employees. *Id.*

Mr. Coon later resigned in late 2023. Dkt. No. 1. What began as the ordinary departure of a key employee has since turned sour. Both parties have initiated parallel lawsuits contesting the validity of the Agreement. According to plaintiff, the Agreement—which contains both non-compete and non-solicitation language—prevents defendant from competing with plaintiff's engineering business anywhere in the country. Dkt. No. 1-1.

But Mr. Coon acted first. On January 2, 2024, defendant filed a lawsuit in the California Superior Court in Sonoma County against WSP seeking declaratory relief. Dkt. No. 1. That case was removed by plaintiff to the Northern District of California on January 17, 2024—the same day that it sought relief in this district. *See CG Enter. Holdings, LLC v. WSP USA, Inc.*, No. 24-CV-0292 (CRB).

---

[1] WSP's request for a TRO and preliminary injunction was filed *ex parte*. To date, Mr. Coon has yet to appear in this action, and it remains unclear whether he has even been served with either the complaint or plaintiff's motion papers. Dkt. No. 7-2.

Resolution of this case, however, does not require a discussion of the merits. This is because there are several procedural hurdles, discussed below, that plaintiff has not cleared which permit dismissal of this case.

## II. **DISCUSSION**

First, dismissal of WSP's case is proper under the so-called "first-to-file" rule. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second."). While ordinarily the district court hearing the original suit will enjoin the second suit, the court being posed the second lawsuit must also exercise its "judicial self-restraint" to decline to hear the second suit while the first remains pending elsewhere. *Id.* (citing *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202–03 (2d Cir. 1970)). Thus, it is not only within a district judge's discretion, but his duty to conserve judicial resources which permits dismissing or staying the second action when an earlier, identical case remains pending elsewhere. *Id.* at 92.

This rule permits dismissal of WSP's case here on account of Mr. Coon's earlier lawsuit pending before the Northern District of California. Compl. ¶

58; Pl.'s Mem. at 8.[2] Like this lawsuit, Mr. Coon's lawsuit also contests the enforceability of, and alleged violation of, the Agreement. Critically, as noted, defendant was the first to file. As a result, his case takes priority over this case.

There are, of course, exceptions to the first-to-file rule. *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted) ("We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action . . . and (2) where "special circumstances" warrant giving priority to the second suit[.]"). Upon review, however, neither exception applies in this case.[3]

Therefore, dismissal of WSP's suit is proper to give way to Mr. Coon's earlier action in the Northern District of California. Yet, even assuming that the first-to-file rule is somehow inapplicable, there are more procedural hurdles that remain.

Second, in addition to losing the race to the courthouse, WSP appears to have mislaid venue. Applying the federal venue statute correctly, venue

---

[2] Pagination corresponds to CM/ECF.

[3] To the extent that the "special circumstances" exception may apply in this case given the timeline between plaintiff's demand for arbitration and defendant's filing of the California lawsuit, the Second Circuit has not outlined factual scenarios in which a declaratory lawsuit will be deemed "improper anticipatory litigation" when it is filed close in time to a demand for arbitration as opposed to a formal demand letter referencing imminent federal litigation. *See Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, 2022 WL 118257, at * 7–8 (S.D.N.Y. Jan 12, 2022) (citing *Buddy USA, Inc. v. Recording Indus. Ass'n of America, Inc.*, 21 F. App'x 52, 55 (2d Cir. 2001) (summary order)).

appears to be proper in the following locations: in the District of Arizona, where defendant is domiciled and subject to general personal jurisdiction pursuant to §§ 1391(b)(1) and (3); in the Northern District of California where plaintiff has established a competing business entity as an alleged violation of the Employment Agreement pursuant to §§ 1391(b)(2)–(3); or perhaps in the Southern District of New York, the forum explicitly contemplated in the Agreement itself. *See* Ex. A to Mot. for TRO at 13. Not found in this list, however, is the Northern District of New York.

In filing this case, WSP claims that venue is proper pursuant to § 1391(b)(2) on account that "a substantial part of the events of omissions giving rise to the claims occurred within the Northern District[.]" Compl. ¶ 13. Yet, the only fact WSP has alleged that might support venue in the Northern District is that Mr. Coon solicited one of its employees who happens to work in its Troy, New York office. Compl. ¶¶ 39, 43. Plaintiff does not allege that defendant has ever traveled to, or is currently operating a competing business in this district.[4] Plaintiff makes only speculative claims that that defendant plans to do so. *Id.* ¶ 38.

[4] For the same reasons, it is doubtful that plaintiff has met its burden of establishing that this Court has *personal jurisdiction* over defendant, whose contacts with New York appear attenuated at best.

In sum, it is not clear how this dispute should or will be resolved. However, it is clear that it must be resolved elsewhere.[5]

Therefore, it is

ORDERED that

1. Plaintiff's complaint is DISMISSED, without prejudice; and
2. Plaintiff's motion for a TRO and a preliminary injunction is DENIED without prejudice as moot.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: January 25, 2024
Utica, New York.

[5] While arguably the more prudent course in this case might be to deny plaintiff's TRO and to schedule a hearing on the preliminary injunction, that would further waste the Court's valuable resources and time. Given the obvious procedural defects in plaintiff's case, we need not wait for defendant, who will likely raise the same issues presented here, to reach the same conclusion we reach today.