UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WSP USA BUILDINGS INC.,

                Plaintiff,

        -v-                                     1:24-CV-076

STEPHEN COON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

HOLLAND & KNIGHT LLP          SEAN C. SHEELY, ESQ.
Attorneys for Plaintiff
31 West 52 Street
New York, NY 10019

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

## I. **INTRODUCTION**

On January 17, 2024, plaintiff WSP USA Buildings Inc. ("WSP" or "plaintiff") filed this action against a former employee, Stephen Coon ("Mr. Coon" or "defendant"). Dkt. No. 1. That same day, plaintiff filed an *ex parte* emergency motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") to enforce the restrictive covenants contained in Mr. Coon's employment agreement (the "Agreement"). Dkt. No. 3.

On January 25, 2024, a Decision and Order (the "January Order") was issued dismissing WSP's case without prejudice. Dkt. No. 9. A judgment was entered accordingly. Dkt. No. 10. Plaintiff filed a motion for reconsideration of the January Order pursuant to Local Rule 60.1 on February 8, 2024. Dkt. No. 11.

Mr. Coon has yet to appear in this action. However, resolution of WSP's motion for reconsideration may proceed unopposed at this time. The motion will be considered on the basis of plaintiff's submission and without oral argument.

## II. BACKGROUND

In 2020, WSP acquired kW Mission Critical Engineering ("KW"). Compl. ¶¶ 2, 10, 14. As a member of senior leadership, Mr. Coon signed the Agreement with plaintiff that contained restrictive covenants prohibiting him from, *inter alia*, competing with plaintiff's business and soliciting plaintiff's employees. *Id.* ¶ 16.

On November 22, 2023, Mr. Coon tendered a letter of resignation notifying WSP of his intention to leave the company after over a decade of service. Compl. ¶ 35. On October 25, 2023, plaintiff mailed defendant a letter (the

"October Letter") reminding him that he remained bound by the Agreement for the next year.  *Id.* ¶¶ 37, 51; Ex. G to Compl., Dkt. No. 1-1 at 38–39.[1]

Since then, the parties have disagreed as to the validity of the Agreement and have each initiated parallel litigation on opposite ends of the country. Compl. ¶ 58.  On January 2, 2024, Mr. Coon filed an action in the California Supreme Court, Sonoma County against WSP contesting the validity of the Agreement.  *Id.*  Plaintiff later removed that case to the Northern District of California on January 17, 2024.  *See CG Enters. Holdings, LLC v. WSP USA, Inc.*, No. 24-CV-0292 (VC).  That same day, plaintiff filed this lawsuit in the Northern District of New York seeking both a TRO and PI that were denied. *See* January Order at 6.

On February 2, 2024, WSP moved to dismiss Mr. Coon's lawsuit in the Northern District of California pursuant to Federal Rule of Civil Procedure ("Rule") 12(b).  Ex. 3 to Mot. for Reconsideration, Dkt. No. 11-3.  As is especially relevant here, that motion remains pending before the Northern District of California.

## III.  LEGAL STANDARD

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered. N.D.N.Y. L.R. 60.1.  The standards governing motions for reconsideration are

---

[1] Pagination corresponds to CM/ECF.

necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling. *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022) (quoting *Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'").

In this circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *DG N.Y. CS, LLC v. Norbut Solar Farm, LLC*, 2024 WL 476540, at *1 (N.D.N.Y. Feb. 7, 2024) (quoting *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.)).

## IV. **DISCUSSION**

The motion for reconsideration standard is a high bar. WSP has not presented new law or facts that require this Court to revisit the January

Order.[2]  As discussed in the January Order, dismissal of this case is proper for several reasons.  Among them are the so called first-to-file rule, lack of personal jurisdiction, and improper venue.

## A. <u>First-to-File Doctrine</u>

First, WSP fails to establish a clear error is dismissing this case under the so-called "first-to-file" rule.  Plaintiff argues that this case presents "special circumstances," precluding the application of the first-to-file rule.  Pl.'s Mem., Dkt. No. 11-5 at 3–10.  Plaintiff argues that defendant's decision to initiate a lawsuit in California was both improper forum shopping and improper anticipatory litigation.  Pl.'s Mem. at 3–9.  These arguments must be rejected.

As discussed in the January Order, judges in this Circuit enjoy wide discretion to dismiss, transfer, or stay an action where an earlier, identical lawsuit has been filed in another district court under the "first-to-file" rule. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 138–84 (1952)).  Of course, exceptions to this rule exist.  Under the "special circumstances" exception, which encompasses both the forum shopping exception and the improper

---

[2]  WSP has filed a motion to dismiss Mr. Coon's lawsuit in the Northern District of California that remains pending before the court.  *See supra*.  While the Northern District of California may grant that motion, it may also deny it.  Therefore, simply appending its motion papers does not support the existence of new facts to require reconsideration of the January Order as to the applicability of the first-to-file rule.  Plaintiff has also appended the docket of a First Circuit case filed in the District of Massachusetts, *DraftKings, Inc. v. Hermalyn*, No. 24-CV-10299. Ex. 2 to Decl. of Sean C. Sheely, Dkt. No. 11-2. However, that case is of no precedential value and does not demonstrate a "change in the law" sufficient to require reconsideration of the January Order.

anticipatory action exception, plaintiffs who are the first-to-file do not enjoy the priority conferred by the rule. *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, 2022 WL 118257, at *7–8 (S.D.N.Y. Jan. 12, 2022).

To demonstrate that forum shopping constitutes a special circumstance, "the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full 'balance of convenience' analysis would not be necessary to determine that the second forum is more appropriate than the first." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 276 (2d Cir. 2008). A lawsuit is improper anticipatory litigation when it is filed in direct response to a demand letter that provides specific deadlines or notifies a party of "imminent" litigation in a different district. *Fit & Fun Playscapes, LLC*, 2022 WL 118257, at *8 (collecting cases).

Upon review, WSP has not demonstrated that the Court committed clear error when it concluded that Mr. Coon's pending lawsuit in the Northern District of California was not improper forum shopping nor improper anticipatory litigation. This dispute concerns defendants' alleged breach of the Agreement. Compl. ¶ 1. Mr. Coon has incorporated his competing business entity in California and maintains its principal place of business there. *See* Ex. 1 to Def.'s Mem, Dkt. No. 11-1 at 2. Therefore, the decision to

litigate there appears not only logical but efficient given the nature of the dispute.

Next, WSP's argument that Mr. Coon's California lawsuit is improper rests on a mischaracterization of the October Letter to defendant. The October Letter does not contain sufficient detail to be considered a demand letter in this context. *Fit & Fun Playscapes, LLC*, 2022 WL 118257, at *8 (collecting cases). The October Letter provides no deadlines or otherwise apprised defendant of plaintiff's intention to bring certain claims in this district or any other. Ex. G to Compl. at 39.

Therefore, WSP has not demonstrated that special circumstances exist to rebut the presumption that the first-to-file rule applies here. Dismissal is proper here to give priority to Mr. Coon's earlier lawsuit in the Northern District of California. Accordingly, plaintiff's argument that the January Order was made in clear error must be rejected.

### C. Personal Jurisdiction

Second, WSP urges that this Court has overlooked facts giving rise to personal jurisdiction over Mr. Coon. Plaintiff cites defendant's Bonus Retention Agreement in which the parties agree that disputes over *arbitration* awards should be litigated in the courts of New York, New York. Pl.'s Mem. at 11. However, the courts of New York County do not include the

Northern District of New York.  28 U.S.C. § 112(b).  Accordingly, plaintiff's argument must be rejected.

**B. <u>Venue</u>**

Finally, WSP argues that the January Order overlooked key facts that properly lay venue in this district.  *See* 28 U.S.C. § 1391(b)(2).  Plaintiff urges once more that venue has been properly laid in the Northern District of New York because a "substantial part of the events giving rise to the claim occurred" here.  Pl.'s Mem. at 9; 28 U.S.C. § 1391(b)(2).

While WSP presents no new facts other than the ones carefully considered in the January Order, explanation of the federal venue statute appears necessary in this case.  The venue statue provides three possible district courts in which plaintiffs may initiate this litigation.  These include:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brough as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Here, Mr. Coon resides in Arizona.  Compl. ¶ 11.  As such, venue would be proper in the District of Arizona in accordance with § 1391(b)(1).  Defendant

- 8 -

has incorporated a competing business entity in the state of California with a mailing address in Santa Rosa, California. Ex. 1 to Decl. of Sean C. Sheely, Dkt. No. 11-2 at 2. Therefore, the acts or omissions giving rise to this claim occurred in the Northern District of California—where defendant has already initiated a lawsuit.[3] 28. U.S.C. § 84(a). Finally, as a last resort, plaintiff could lay venue anywhere that defendant is subject to the court's personal jurisdiction. However, as discussed in the January Order, plaintiff has alleged merely speculative ties between defendant and this district. Pl.'s Mem. at 10; Compl. ¶¶ 42–43.

Therefore, WSP has incorrectly laid venue in the Northern District of New York. Accordingly, dismissal is proper under 28 U.S.C. § 1406(a).

## IV. CONCLUSION

In sum, WSP fails to establish new law or facts that require revisiting the January Order. Plaintiff also fails to establish that the Court committed clear error in deciding the January Order. In reviewing plaintiff's motion, it is clear that it does not wish to litigate this dispute in the Northern District of California. Resolution of plaintiff's pending motion in that court may well prove meritorious. However, the question presented in *this* case is whether

---

[3] WSP also claims that Mr. Coon has solicited former employees from its Troy, New York office yet does not allege that defendant ever traveled to or conducted business anywhere in the state of New York. Pl.'s Mem. at 10.

plaintiff may file its case in the Northern District of New York. Once more, the answer to that question is no.

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration is DENIED; and

2. Plaintiff is directed to serve a copy of the complaint on defendant in a manner that conforms to the Federal Rules of Civil Procedure no later than April 16, 2024.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: February 14, 2024
       Utica, New York.